JENNIE FINBERG, Respondent, v. WILLIAM DE GOODE,
Appellant.

Second Department, December 16, 1921.

Bills and notes — defenses of want of consideration and duress —
notes given to induce plaintiff to convey property which her
husband had agreed to convey by contract under seal are not
without consideration — withholding deed from record till note
given not duress.

There is no want of consideration for promissory notes, where it appears
that the notes were given by the defendant to induce the plaintiff to
convey property to him, which the plaintiff's husband had purported to
sell by a contract under seal, for the plaintiff was under no obligation
to convey the property under her husband's contract.

The fact that the defendant had made a contract with a third person to
sell and convey the same property to him and that the plaintiff withheld
from record the deed drawn till the notes were executed did not constitute
duress.

APPEAL by the defendant, William De Goode, from a
judgment of the County Court of the county of Kings in favor
of the plaintiff, entered in the office of the clerk of said county
on the 26th day of October, 1920, upon the verdict of a jury
rendered by direction of the court.

*Bruce R. Duncan*, for the appellant.

*Julius Schwartz* [*Michael Furst* with him on the brief], for
the respondent.

PER CURIAM:

The action is upon promissory notes. The defenses are
duress and want of consideration. The promissory notes were
given pursuant to an agreement made to induce the plaintiff
to perform a contract which was made by her husband for
the sale of real property. The defendant's claim was that
plaintiff was under a legal duty to perform the contract and,
therefore, the promise to perform was no consideration for
the promissory notes. The defense of duress is based upon
the claim that the plaintiff forbade the recording of deeds
drawn for the purpose of carrying out the contract made by
her husband, and as the defendant had already made a con-

tract to convey such property, he was put in a position where he was compelled to give the promissory notes or to default in his contract, and thus gave them under duress.

There are directly and indirectly concerned in this case one contract for the exchange and two for the sale of real property. In not one of them did the contracting vendor own the property that he agreed to convey. The husband of the plaintiff made a contract under seal agreeing to exchange property belonging to her for other property. The other party to the contract was nominally a man by the name of Wynn, who agreed to convey to plaintiff's husband certain property in exchange. The man Wynn's name was signed by the defendant, although neither Wynn nor the defendant owned the property. This property was owned by a corporation. The plaintiff's husband thereupon entered into a contract to sell the property which he was to receive in exchange, and the defendant and Wynn entered into a contract by which Wynn was obligated to convey the property which he was to receive in exchange. It is plain, therefore, that in not one of these contracts was a decree of specific performance possible. The contract made by the plaintiff's husband was under seal. The plaintiff, therefore, could not be held as an undisclosed principal. As the plaintiff was under no obligation to convey the property under the contract made by her husband, her promise so to do was a good consideration for the notes given by the defendant. As the plaintiff was under no obligation to convey the property, she had a right to withhold from record the deed drawn, and the exercise of that right cannot be made the basis of a claim of duress.

It follows, therefore, that the trial judge was right in deciding as matter of law that the notes were given upon a valuable consideration and that no duress was practiced by the plaintiff in obtaining them.

The judgment should be affirmed, with costs.

Present — BLACKMAR, P. J., RICH, PUTNAM, KELLY and JAYCOX, JJ.

Judgment of the County Court of Kings county unanimously affirmed, with costs.